TED LLOYD, INCORPORATED, Respondent, v. AMERICAN BROAD-CASTING-PARAMOUNT THEATRES, INC., Appellant.

First Department, November 21, 1963.

*Clarence Fried* of counsel (*Ronald Charles Wolf* with him on the brief; *Hawkins, Delafield & Wood,* attorneys), for appellant.

*Sidney P. Howell, Jr.,* of counsel (*Richard S. Guyer* with him on the brief; *Regan Goldfarb Powell & Quinn,* attorneys), for respondent.

*Per Curiam.* According to the complaint in this action the plaintiff and the defendant entered into an agreement providing for the plaintiff to produce a series of radio programs which the defendant broadcasting company agreed it would attempt to " sell " to sponsors. It developed that no sponsor was obtained and the program was discontinued.

The plaintiff brought this suit to recover for breach of contract, alleging that the defendant failed to use its best efforts to " sell " the show. The plaintiff also pleaded a cause of action in fraud, alleging that when the defendant represented it would use its best efforts to " sell " the show it had no intention of doing so.

During the trial, and at the end of the plaintiff's case, the court dismissed the cause of action based on fraud, holding that the plaintiff had failed to prove a prima facie case. The case continued on the contract cause and ultimately both sides rested.

After summation, but before the court's charge, a memorandum from an officer of defendant was fortuitously discovered by plaintiff's counsel among defendant's papers. The memorandum had been prepared contemporaneously with the basic agreement which is the subject of the lawsuit and contained statements which could be sufficient to supply what was needed to make out a prima facie case in fraud.

Plaintiff's counsel thereupon asked the court to reopen the case and to reinstate the fraud cause of action so as to enable him to introduce the newly found evidence. The trial court refused, holding that to do so might cause the jury to overassess the importance of the new evidence to defendant's prejudice. The court did, however, offer to declare a mistrial. Plaintiff refused such offer and the case finally went to the jury solely on the contract cause and a verdict in favor of the defendant was returned.

A judgment was thereafter entered which provided for the dismissal of the complaint " upon the merits." Plaintiff, feeling aggrieved by that adjudication, moved to amend, correct and resettle the judgment so as to make the dismissal of the fraud cause of action " without prejudice." The trial court granted the motion and the order entered thereon is now under review.

Section 105 of the Civil Practice Act permits the court to correct a " mistake, omission, irregularity or defect ". However, the failure of the court to make the dismissal " without prejudice " was not the result of a " mistake, omission, irregularity or defect ". Where the record fails to indicate that the ruling of the court was due to a mistake or omission, a subsequent

" amendment " of the judgment — albeit well intentioned — is improper (see *Hansen* v. *City of New York*, 274 App. Div. 196) The record indicates that the court did not intend to dismiss without prejudice and, accordingly, the provisions of section 105 of the Civil Practice Act are not applicable.

Apart from the question of power, we would reverse the order as a discretionary matter. At the time of the discovery of the memorandum the fraud cause had already been dismissed. To reopen the case in the circumstances could well have been — as the trial court properly indicated — most prejudicial to the defendant. The court, in an attempt to do justice under difficult circumstances, offered to declare a mistrial. The plaintiff, however, by his firm resistance to a mistrial, in effect, elected to rely solely upon his contract cause of action. Having made such election he ought not, after an adverse verdict, be afforded another trial — the offer of which he so clearly rejected. It should be noted that at no time did the plaintiff request that the dismissal of the fraud action be made " without prejudice."

Accordingly, the order entered on July 26, 1963 amending, correcting and resettling the final judgment should be reversed on the law and in the exercise of discretion and the motion denied, with costs.

BREITEL, J. P., RABIN, EAGER, STEUER and BASTOW, JJ., concur.

Order, entered on July 26, 1963, unanimously reversed, on the law and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion denied.