Irving Younger, J.
This is a summary proceeding brought pursuant to section 711 of the Real Property Actions and Proceedings Law to recover possession of a store. Respondent defaulted, whereupon final judgment was entered for petitioner. Then respondent moved to vacate its default. Because the papers raised an issue of personal jurisdiction which could not be determined solely on the affidavits, I set the matter down for an evidentiary hearing. On the adjourned date, respondent for the first time urged that the court lacked subject matter jurisdiction. Its argument rests upon a novel point of landlord-tenant practice which I find to be well taken.
The Rules of the Civil Court of the City of New York provide (22 NYCRR 2900.21 [f]): “Allegations required under section 325 of the Multiple Dwelling Law and section D26-41.21b of the Administrative Code of the City of New York. In every summary proceeding brought to recover possession of real property, pursuant to section 711 of the Real Property Actions and Pro *626 ceedings Law, the petitioner shall allege either (1) that the premises are not a multiple dwelling, or (2), that the premises are a multiple dwelling and [have been registered with the Office of Code Enforcement].” The Appellate Term has made it plain that a petitioner’s failure to make the allegation required by the rule is a “ jurisdictional defect ” which may be noticed at any time, even on appeal. (Cal Cal Realty Corp. v. Taylor, 67 Misc 2d 903; E.R.P. Realty Co. v. Kempsey, N. Y. L. J., Feb. 26,1971, p. 2, col. 6; Gould v. Pollack, N. Y. L. J., June 18, 1971, p. 2, col. 3.)
All of those cases involved residential premises, and therein lies the novelty of this case. Here we deal with a store. Since the petition omits any rule 2900.21(f) allegation, the question for decision, not previously answered, is whether the Cal Cal doctrine applies to business premises.
The rule’s first sentence refers to section 325 of the Multiple Dwelling Law and subdivision b of section D26-41.21 of the Administrative Code, which order registration of the ownership of multiple dwellings. A 11 multiple dwelling ” is, among other things, a building with three or more apartments. (Multiple Dwelling Law, ■§ 4, subd. 7.) Many apartment buildings in New York City have stores on the ground floor. So long as they also contain three or more apartments, such buildings remain multiple dwellings as defined by the statute. They must therefore be registered, and any petition to recover possession of one of the stores, says rule 2900.21(f), shall allege the registration. On the other hand, should a building not be a “ multiple dwelling ” as defined by the statute, section 325 of the Multiple Dwelling Law and subdivision b of section D26-41.21 of the Administrative Code are inapplicable, but rule 2900.21(f) directs a petitioner seeking to recover possession to allege their inapplicability by stating “ that the premises are not a multiple dwelling.”
I hold, in consequence, that the Cal Cal doctrine applies to business as well as to residential premises.
In this case, the petition describes the property as a ground floor store in the building at 162 West 34th Street. This may or may not be a multiple dwelling. If it is, registration is required, and the petition must make the allegation specified in clause (2) of the second sentence of rule 2900.21 (f). If it is not a multiple dwelling, registration is not required, and the petition must say so by making the allegation specified in clause (1) of the second sentence of rule 2900.21(f). This petition fails to make either allegation. Hence, by force of the Cal Cal doctrine, it is defective. The flaw goes to subject matter jurisdiction, and is never waived. *627 Accordingly, it is of no moment that respondent here waited to make the objection until the hearing on its motion to vacate its default.
The petition is dismissed for lack of jurisdiction over the subject matter.