Burton S. Sherman, J.
These are companion nonpayment proceedings brought pursuant to section 711 of the Real Property Actions and Proceedings Law. They involve an apartment and a store rented by the same respondent tenant. The petition with respect to the apartment lists the premises as 309 East Houston Street and alleges that it is a multiple dwelling. The petition as to the store lists the premises as 313 East Houston Street and alleges it is not a multiple dwelling.
Section 325 of the Multiple Dwelling Law and subdivision b of section D26-41.21 of the Administrative Code of the City of New York require registration by owners of multiple dwellings with the Office of Code Enforcement, Department of Buildings, and provide sanctions for noncompliance. Among these sanctions is the bar to recovery of possession and recovery of rent until there is such compliance.
Section 741 of the Real Property Actions and Proceedings Law and subdivision (f) of section 2900.21 of the Rules of the Civil Court of the City of New York (22 NYCRR 2900.21 [f]) implement the afore-mentioned sections of the Multiple Dwelling Law and the Administrative Code by requiring the fact of whether a premises is a multiple dwelling and whether it is registered to be pleaded. While Rosgro Realty Co. v. Braynen (70 Misc 2d 808) held that the failure to so allege did not render *341 a petition jurisdictionally defective, it further held that compliance with section 325 of the Multiple Dwelling Law and subdivision b of section D26-41.21 of the Administrative Code of the City of New York was a necessary element of a cause of action under section 711 of the Real Property Actions and Proceedings Law. Moreover, it has been held applicable to business property if the store is in fact a multiple dwelling. (347 Realopp Corp. v. Seafood City, 67 Misc 2d 625.) Implicit in the Rosgro case and the pleadings statutes is that although failure to comply is a defense to recovery the burden of proof is upon the petitioner to prove registration. And, of course, if it is alleged and proved that the premises involved is not a multiple dwelling, there is no need to prove registration.
As to the proceeding on the apartment, I find that the petitioner did not prove that he complied with the registration requirements of section 325 of the Multiple Dwelling Law and subdivision b of section D26-41.21 of the Administrative Code. To the contrary, the proof clearly established that the property had not been registered by the owner at the time of trial. (Cf. Houston Realty Corp. v. Saturnino, N. Y. L. J., Dec. 27, 1971, p. 13, col. 3.)
As to the proceeding on the store, the petitioner alleges that the store is not a multiple dwelling. The evidence was that the apartment in the companion proceeding was located above the store in this proceeding. And although different addresses were pleaded in both petitions the same building was involved. Thus, based upon the admission of a multiple dwelling in the companion case, and the proof at the trial, I find that the petitioner failed to prove that the store was not part of a multiple dwelling. The credible evidence was to the contrary and the premises were in fact, unregistered.
These findings render it unnecessary, and I do not pass upon the other grounds for dismissal urged by the respondent tenant.
Accordingly, the petitions are dismissed.