Bernard Klieger, J.
This is a summary proceeding under section 711 of the Real Property Actions and Proceedings Law for possession of a loft used as a dwelling and for rent for the month of October, 1974. The petition was amended to include arrears for November and December, 1974.
The petition states that the building is not a multiple dwelling. The tenants allege that it is and that the petition should be dismissed for failure to comply with the Multiple Dwelling Law and the Administrative Code of the City of New York. The particular deficiency claimed is failure to register the premises as required by section 325 of the Multiple Dwelling Law.
If the premises are a multiple dwelling, compliance with the registration provisions of section 325 and section D 26-41.21 (subd b) of the Administrative Code of the City of New York is a necessary element of a cause of action under the statute invoked by the landlord, section 711 of the Real Property Actions and Proceedings Law (Rosgro Realty Co. v Braynen, 70 Misc 2d 808; Finkelstein v Reyes, 75 Misc 2d 340).
There are three tenants, living independently of each other, occupying three dwellings within the building involved, and *448 ordinarily that would be sufficient to constitute the premises a multiple dwelling (Multiple Dwelling Law, § 4, subd 7).
Tenant, Mahlon Robinson, also claims the protection of article 7-B of the Multiple Dwelling Law, entitled "Occupancy for Joint Residential and Professional Purposes for Artists.” That title was added to the Multiple Dwelling Law by the Legislature in 1964 and amended in 1968 (L 1964, ch 939; L 1968, ch 900).
In order to avoid uncertainty as to its intent, the Legislature included its legislative findings as part of the law. These findings are embodied in section 275 of article 7-B of the Multiple Dwelling Law and celebrate the needs of "persons regularly employed in the arts” and the requirements for "larger amounts of space for the pursuit of their artistic endeavors”. The Legislature recognized that the cultural life of large cities is enhanced by residence in such cities by large numbers of artists and that such cities have "buildings in the past occupied for manufacturing and commercial purposes which contain or can be altered to contain physically and economically suitable space for use by persons regularly engaged in the arts for the combined purposes of pursuit of their artistic endeavors and residences.”
Qualification for the use of such space is conditioned upon an artist’s meeting the standards of section 276 of the Multiple Dwelling Law, which says: "As used in this article, the word artist means a person regularly engaged in the fine arts, such as painting and sculpture or in the performing or creative arts, including choreography and filmmaking, or in the composition of music on a professional basis and so certified by an art academy, association or society, recognized by the municipal office of cultural affairs or the state council on the arts, or by the National Foundation for the Arts and Humanities, or an artist certified as such by the Municipal Department of Cultural Affairs.”
The court finds as a fact that Mahlon Robinson qualifies as an artist within the meaning of the statute. He has been certified by the New York City Department of Cultural Affairs as eligible to occupy legal living-working loft space where zoning permits, effective October 10, 1974 to October 10, 1977. The lease, itself, states that the premises shall be used by an "artist in residence.”
Authority for an artist to occupy the particular building involved in this case derives from section 277 of the Multiple *449 Dwelling Law which states: "Any building in any city of more than one million persons which at any time prior to January first, nineteen hundred and sixty-four was occupied exclusively for manufacturing purposes, or commercial purposes, or both, may, notwithstanding any other article of this chapter, be occupied by artists and members of their immediate families for residential purposes and for the pursuit of the artist’s artistic endeavors”.
The definition of a multiple dwelling and the requirement for registration appear in article I (§ 4, subd 7) and article 9 (§ 275), respectively, of the Multiple Dwelling Law, and are made applicable to the type of living-loft building here involved by express provision of section 278 of the Multiple Dwelling Law.
"As an artist, a man has no home in Europe save Paris.”— Friedrich Wilhelm Nietzsche. The New York State Legislature has challenged the idea that an artist cannot survive, save in Paris. By the provision of the law herein discussed it has created a new home for artists in certain cities within New York State and sought to make living and working space available and suitable for artists and their creative pursuits.
A building which prior to January 1, 1964 was occupied exclusively for manufacturing purposes, or commercial purposes, or both, and which is now occupied by artists for residential purposes and for the pursuit of the artist’s artistic endeavors, is subject to the registration requirements of section 325 of the Multiple Dwelling Law.
The court will not countenance attempted frustration of the high purposes of the Legislature by a landlord who fails to comply with the provisions of the law. The landlord, having failed to register the building, may not maintain this proceeding and the petition is dismissed.
There is no need to rule on the remaining defenses which tenants have raised.