OPINION OF THE COURT
Benjamin F. Nolan, J.
In this nonpayment summary proceeding, tenant moved to vacate the default judgment of possession and the warrant of eviction, alleging that various defects in the petition were jurisdictional.
The petition was brought in the name of “Normal Realty Co.”. It alleged that a currently effective multiple dwelling registration statement was on file in the Office of Code Enforcement under No. 200392, and that the managing agent was one Robert Candee, with a business address at 240 Cabrini Blvd., New York. Contradicting this, tenant produced a copy of multiple dwelling registration No. 200392 identifying the owners of the premises as L. & I. Castle, and the managing agent as Lee Castle, with a business address at 384 East 149 Street, and a home address at 1415 Morris Avenue. Countering this, landlord produced a copy of a business certificate for partners reflecting that Lee Castle and Irving Castle are conducting business as members of a partnership under the name of “Normal Co.” at 384 East 149 Street, Bronx, New York. *556 Tenant countered by pointing out that even if the partnership certificate was sufficiently valid to relieve petitioner of its obligation under subdivision 1 of section 741 of the Real Property Actions and Proceedings Law to name the proper party as petitioner and state correctly its interest in the premises, the simple fact is that “Normal Co.” is not “Normal Realty Co.”. In reply, petitioner contended that tenant should not now be permitted to disavow a landlord-tenant relationship between “Normal Realty Co.” in which tenant attorned to petitioner by paying rent to it since December 1, 1979.
Tenant further called for dismissal of the petition because it named tenant as “John” B. Rios, despite the fact that petitioner knew well that tenant’s name is Armando Cruz-Rios; and, because CPLR 1024 only authorizes the use of a fictitious name in whole or in part when the party using it is ignorant of the name or identity of the person to be made a party. Petitioner, in an unresponsive reply, alleges simply that nowhere in the moving affidavits did Armando Cruz-Rios deny being “John” B. Rios.
Petitioner suggested that any mistakes in the petition or notice of petition should be correctible by amendment and should not be considered jurisdictional. Tenant disagreed, arguing that “petitioner’s statement regarding permissibility of amendments is inapposite as no such amendments were made prior to judgment being entered herein.”
The sufficiency of a petition must be evaluated as a whole. Simple, nonprejudicial errors need not be regarded as jurisdictional defects, but may instead be disregarded as irregularities or subsequently corrected by amendment of the petition. (Z Mgt. Co. v JEBM Launders, NYLJ, Oct. 29, 1980, p 6, col 1, citing Jackson v New York City Housing Auth., 88 Misc 2d 121.) The owners of record herein were doing business under a duly filed partnership designation of “Normal Co.”. The petition brought in the name of “Normal Realty Co.” was not rendered jurisdictionally defective, because the tenant had paid rent since 1979 to “Normal Realty Co.” in an established landlord-tenant relationship and tenant could not have been prejudiced by responding to a summary nonpayment proceeding brought in the name of “Normal Realty Co.”. While “Normal Realty *557 Co.” was concededly not “Normal Co.”, in form, the both were the same, in substance. The use of “Normal Realty Co.” instead of “Normal Co.” was a minor error which should be disregarded. However, a defective multiple dwelling registration is an entirely different matter.
The statutes requiring that there be a currently effective multiple dwelling registration on file, and that the petition must recite specific allegations of compliance with such registration requirements in a nonpayment summary proceeding petition, are regulatory and punitive in nature (Rules of Civil Court of City of New York, rule 2900.21 [22 NYCRR 2900.21]; Multiple Dwelling Law, § 325; Administrative Code of City of New York, § D26-41.21). A petitioner is subject to sanctions for noncompliance apart from any consideration whether the tenant has been prejudiced as a result of noncompliance.
On this motion, the court is confronted by an unexplained contradiction between the allegation in the petition that the managing agent is Robert Candee, and the designation of Lee Castle as the managing agent in the multiple dwelling registration on file with the Office of Code Enforcement.
Section D26-41.03 (subd a, par [3]) of the Administrative Code provides that a managing agent must be a natural person designated by an owner to be in control of and responsible for the maintenance and operation of the multiple dwelling, and to authorize, on behalf of the owner, the correction of any emergency conditions or the making of any emergency repairs for which the owner is responsible under the provisions of the Multiple Dwelling Law or the Administrative Code.
Section 325 of the Multiple Dwelling Law provides that no rent shall be recovered by the owner of a multiple dwelling who fails to comply with the requirements of article 41 of the Housing Maintenance Code; and, the right to recover possession of nonpayment of rent is denied such an owner under the Housing Maintenance Code (Administrative Code, § D26-41.21, subd b.) Failure to comply may be reflected (1) by a nonexistent or defective registration statement, or (2) by a failure to allege requisite registration information in the petition.
*558 The failure to file a currently effective multiple dwelling registration, or the filing of a defective registration, cannot be remedied so as to enable a noncomplying petitioner to escape statutory sanctions (Davis v Priddie, NYLJ, March 25, 1980, p 11, col 1). This is not inconsistent, however, with a petitioner’s right to supply proof of a valid registration (see Rosgro Realty Co. v Braynen, 70 Misc 2d 808).
On the other hand, the failure of a petitioner to allege requisite multiple dwelling information in the petition may be regarded as a mere irregularity provided that if, at the commencement of a proceeding, there is a currently effective registration statement on file with the Office of Code Enforcement and the enforcement agency is satisfied that such information may be supplied by the petitioner at any time before the conclusion of trial or hearing (see explanation under rule relating to registration, Housing Maintenance Code, art 41; Multiple Dwelling Law, § 325).
From the state of the record on this motion, it cannot be ascertained whether the managing agent is the Robert Candee named in the petition or is the Lee Castle designated in the multiple dwelling registration, or is neither Robert Candee or Lee Castle. Put another way, it cannot be determined whether there is an error in the petition which might be correctible or in the designation of the multiple dwelling registration which would be a jurisdictional defect. Although it was petitioner’s burden to resolve this issue, petitioner made no attempt to do so. Consequently, it would not be just to resolve in its favor the very issue which it was petitioner’s burden to meet but which petitioner did not even see fit to address. In this light, it is not necessary for this court to choose between the conflicting claims. (337 7th Ave. Realty Co. v Herz Fur Fashions, NYLJ, Jan. 12, 1981, p 12, col 2.) Additionally, petitioner should not be permitted to flaunt the multiple dwelling registration statutes. Tenant’s counsel, a representative of the Bronx Legal Services, has argued convincingly that to allow petitioner to do so would render those statutes meaningless. This court agrees fully with that rationale.
Subdivision (c) of section 110 of the New York City Civil Court Act provides that, regardless of the relief originally sought by a party, the court may recommend or employ any *559 remedy, program, procedure or sanction authorized by law for the enforcement of housing standards if it believes that they will be more effective to accomplish compliance. Multiple dwelling registration statutes were enacted to compel owners to adhere to proper housing standards and to aid enforcement agencies to enforce those standards. Both section 325 of the Multiple Dwelling Law and subdivision b of section D26-41.21 of the Housing Maintenance Code (Administrative Code, §026-41.21, subd b) prescribe the same sanction of abatement of the right to collect rent during the period of noncompliance. And, section 110 (subd [a], par [5]) of the New York City Civil Court Act specifically identifies a defense “relating to the abatement of rent in case of certain violations of section D26-41.21 of [the] housing maintenance code” as being within the jurisdiction of the Housing Part of the Civil Court. Under the circumstances herein, the defense of abatement of the right to collect rent during the period of noncompliance is sufficiently made out.
Accordingly, the petition herein is dismissed without prejudice to the institution if so advised of a new claim for the same relief under a valid petition based upon a currently effective multiple dwelling registration.
The issue whether the petition was fatally defective because, in contravention of CPLR 1024, tenant was designated by a fictitious name when it appears that petitioner was well aware of his true identity is thus rendered moot. However, had that issue been reached on the merits, the fictitious name designation could have been amendable, nunc pro tunc, if the real respondent was lawfully served with process and was thus before the court (Teachers Coll. v Wolterding, 77 Misc 2d 81).