OPINION OF THE COURT
William Thom, J.
In this summary holdover proceeding, the issue has arisen of whether petitioner in an action involving an interim multiple dwelling must, as a necessary element in its prima facie case, plead and prove that there is on file with the New York City Loft Board a registration statement for the building which was in effect at the time the action was brought.
Petitioner is the owner of a building conceded by all parties to be an interim multiple dwelling under Multiple Dwelling Law article 7-C. Respondent is a residential tenant in this building pursuant to a standard form commercial loft lease which contains a rider which provides that the landlord, on 120 days’ notice, may terminate the tenancy and resume possession. The lease, as renewed, was to run through November 1984. Pursuant to the aforesaid clause in the lease rider, petitioner notified respondent on or about December 12, 1983 that it was terminating the lease as of April 30, 1984. Respondent, claiming protection under Multiple Dwelling Law article 7-C (popularly known as the Loft Law) did not vacate the premises on the specified date, and petitioner brought this holdover proceeding on May 3,1984.
*1010 At trial, respondent raised the issue set forth above and moved for dismissal of the petition. Petitioner had pleaded due registration with the New York City Loft Board but had produced no evidence to show registration before August 30, 1984, i.e., four months after institution of this proceeding. Petitioner disputed the necessity of either the allegation or the proof on the ground that actions brought to recover premises in an interim multiple dwelling are not subject to such a requirement.
Under 22 NYCRR 2900.21 (f) and Administrative Code of the City of New York § D26-41.21 (b), a landlord seeking possession of real property in an action brought pursuant to RPAPL 711 (as this one is) must allege either that the building is not a multiple dwelling or that it is a multiple dwelling and that there is a currently effective registration statement conforming to Multiple Dwelling Law § 325 on file with the New York City Department of Housing Preservation and Development. To omit these allegations from the petition is to state facts insufficient to constitute a cause of action. (Rosgro Realty v Braynen, 70 Misc 2d 808 [App Term, 1st Dept 1972], affd sub nom. Grosfeld v Braynen, 41 AD2d 605.) Such omission is an amendable defect, however, if petitioner can prove at trial that there actually was a currently effective registration statement on file at the commencement of the action and that the information therein was correct. Failure of such proof requires dismissal. (Normal Realty Co. v Rios, 109 Misc 2d 555 [Civ Ct, Bronx County 1981]; Carjef Realty Corp. v Straker, NYLJ, Feb. 18, 1983, p 13, col 5 [App Term, 2d Dept].) This rule makes no distinction on its face between ordinary multiple dwellings and residential lofts. When large numbers of unregistered and previously nonresidential buildings in New York City began to be used for residential purposes, courts were consistent in dismissing summary proceedings wherein the petition failed to allege registration of what the court found to be a de facto multiple dwelling. This was true both in nonpayment proceedings (Mintz v Robinson, 81 Misc 2d 447 [Civ Ct, Kings County 1975]) and holdovers (Krax Pepipatie Apanu Stu Krokodrilos Tus Platos v Van Hentenryck, NYLJ, Jan. 22, 1981, p 11, col 1 [App Term, 1st Dept]; Mandel v Pitkowsky, 102 Misc 2d 478 [App Term, 1st Dept 1979], affd 76 AD2d 807). While loft buildings cannot be registered with the New York City Department of Housing Preservation and Development (because such buildings lack certificates of occupancy) the passage of Multiple Dwelling *1011 Law, article 7-C, § 284 (2) now both obliges and enables owners of residential lofts to register them with the New York City Loft Board if the buildings qualify as interim multiple dwellings, as this one does. It is expressly stated therein that such registration shall be identical with that called for in Multiple Dwelling Law § 325.
The purpose of Multiple Dwelling Law article 7-C, as enunciated in its preamble and its text (notably § 286 [11]; § 285 [1]) and those cases commenting on the law (Kaufman v American Electrofax, 102 AD2d 140 [1st Dept 1984]; Feierstein v Moser, 124 Misc 2d 369 [Sup Ct, NY County]; Ancona v Metcalf, 120 Misc 2d 51 [Civ Ct, NY County 1983]) was not only to resolve the anomalous situation whereby a landlord of a residential loft was unable to maintain a summary proceeding to recover possession thereof, but also to afford their tenants the same protection extended to tenants of ordinary multiple dwellings.
The purpose of the multiple dwelling registration is to enable tenants (and other interested parties) to find the person responsible for operation of the building in question. (Lazarus v Liebowitz, 85 Misc 2d 822 [Civ Ct, Bronx County 1976].) Enforcement of the registration statute, Multiple Dwelling Law § 325, is greatly aided by making such registration part of the landlord’s prima facie case in a summary proceeding. The statutory requirement that registration of interim multiple dwellings with the Loft Board shall be identical in form with the registration of ordinary multiple dwellings indicates that registration of interim multiple dwellings serves the same purpose and, logically, should be enforced in the same way. It seems clear, therefore, that currently effective registration with the Loft Board is an indispensable prerequisite to a landlord’s initiation of summary proceedings involving an interim multiple dwelling, be it a nonpayment or a holdover. To hold otherwise would contravene the clear intent of the statute to draw landlords and tenants of residential lofts, as far as practicable, into the existing scheme of landlord-tenant relations, both legal and economic, would render the registration requirement of Multiple Dwelling Law § 284 (2) unenforceable and would repudiate the case law which had previously dismissed petitions involving unregistered de facto multiple dwellings.
Consequently, I hold that in summary proceedings to recover possession of real property covered by Multiple Dwelling Law article 7-C, petitioner must plead and prove that a proper registration statement was on file when the action was com *1012 menced. The petitioner in this action having failed to do that, the petition must be dismissed.
Because petitioner was allowed at trial an opportunity to offer additional proof on this point and chose to stand on the proof already submitted, there appears to be no reason to allow it a “second bite at the apple.” The dismissal, therefore, is with prejudice to the reinstitution of an action for the same relief. (Ted Lloyd Inc. v American Broadcasting-Paramount Theatres, 20 AD2d 1 [1st Dept 1963], affd 16 NY2d 691.) A further reason to dismiss this action with prejudice is the fact that had the merits been reached, a decision in favor of respondent would have been rendered.