OPINION OF THE COURT
Peter Tom, J.
The interesting issue raised in this motion is whether compliance with Multiple Dwelling Law § 325 requiring the registration of multiple dwellings with the Department of Housing Preservation and Development (hereinafter HPD) or compliance with Multiple Dwelling Law § 284 requiring, among other obligations, the registration of interim multiple dwellings with the Loft Board, must be alleged in a petition to recover commercial premises.
This is a commercial nonpayment proceeding brought by petitioner against four tenants occupying one floor. The respondents occupy different portions of the floor under a net *39 lease which was issued in 1978. It appears that respondents Messick and Teare were the original tenants of the lease agreement and they later assigned the lease to defendant Tribeca Audio.
Respondent Living Room moves, in the instant motion, to dismiss the petition as being jurisdictionally defective.
Respondent Living Room contends that the premises in issue is an interim multiple dwelling and that the failure of petitioner to allege in the petition compliance with all of the requirements of article 7-C of the Multiple Dwelling Law makes the petition jurisdictionally defective and warrants its dismissal.
The petition does allege that a portion of the premises is subject to the regulation of the Loft Law (Multiple Dwelling Law art 7-C). Petitioner concedes that in 1986 the Loft Board found that respondent Teare and the portion of the floor which was occupied by respondent Messick are subject to the protection of the Loft Law.
The finding of the Loft Board that one of the tenants is under the protection of the Loft Law would make the premises an interim multiple dwelling by virtue of the definition of the term interim multiple dwelling (Multiple Dwelling Law § 281 [1]; Temple Ct. Assocs. v Richardson, NYLJ, Dec. 23, 1986, at 6, col 5 [App Term, 1st Dept]).
Section 281 (1) provides that, "the term 'interim multiple dwelling’ means any building or structure or portion thereof * * * which (i) at any time was occupied for manufacturing, commercial, or warehouse purposes; and (ii) lacks a certificate of compliance or occupancy pursuant to section three hundred one of this chapter; and (iii) on December first, nineteen hundred eighty-one was occupied for residential purposes since April first, nineteen hundred eighty as the residence or home of any three or more families living independently of one another.”
Since the premises in issue is an interim multiple dwelling and contains three or more separate residential units, there is a requirement that the premises be registered as a multiple dwelling with HPD. The failure by the owner to comply with the registration requirements would bar the owner from recovering possession of the premises for nonpayment of rent for the period of such noncompliance. (Multiple Dwelling Law § 4 [7]; § 325 [2]; Administrative Code of City of New York § 27-2107 [b]; Mandel v Pitkowsky, 102 Misc 2d 478 [1979].)
*40 Owners of interim or de facto multiple dwellings would technically be barred from the collection of rent from tenants since the residential use of commercial premises is in violation of the certificate of occupancy and the building cannot be properly registered with HPD.
In 1982, the Legislature in finding an alarming increase in the number of illegal conversions of commercial and manufacturing lofts to residential premises without compliance with building codes and laws, which in turn affected the safety and welfare of many city dwellers, enacted the Loft Law. (Multiple Dwelling Law art 7-C, as added by L 1982, ch 349.) The intention of the Legislature in enacting the Loft Law was to regulate the legalization of these buildings into residential premises in conjunction with the local zoning resolution and to establish a system for reasonable adjustment of residential rentals to assist in paying the costs of such legal conversion. (Multiple Dwelling Law § 280.)
Pursuant to the Loft Law, Multiple Dwelling Law § 285 (1) was enacted and provides: "Notwithstanding the provisions of section three hundred two or three hundred twenty-five of this chapter, the owner of an interim multiple dwelling may recover rent payable from residential occupants qualified for the protection of this article on or after April first, nineteen hundred eighty, and maintain an action or proceeding for possession of such premises for non-payment of rent, provided that he is in compliance with this article.”
Multiple Dwelling Law § 284 sets forth the owner obligations for the legal conversion of the interim multiple dwelling. This section provides for the steps and timetable which the owner shall follow for such conversion and also provides for the registration of the loft building with the Loft Board.
Pursuant to Multiple Dwelling Law § 285 (1), an owner of an interim multiple dwelling who is in compliance with the provisions of the owner obligations under section 284 shall be exempted from the registration requirements of Multiple Dwelling Law § 325 and therefore may maintain an action to recover rent.
However, the owner’s compliance with section 284 must be alleged in the petition before petitioner can be exempted from section 325 and the failure to plead compliance with section 284 would make the petition jurisdictionally defective. (Matter of Blackgold Realty Corp. v Milne, 69 NY2d 719; Cobra Resources v Dumpl, Inc., 138 Misc 2d 91.)
*41 The failure by an owner to plead compliance with the registration requirement of section 325 is amendable and the owner is not forever barred to recover rent for the period of noncompliance. The owner is permitted to recover rent accrued during the period of noncompliance once the registration requirement has been complied with. (128 E. 83rd St. Co. v Kagan, NYLJ, Oct. 6, 1987, at 14, col 1 [App Term, 1st Dept].) The failure by an owner to plead compliance with section 284 in a summary nonpayment petition involving premises located in an interim multiple dwelling should also be a defect which is amendable.
However, in the present case, petitioner does not allege compliance with section 284 but opposes respondent’s motion on the ground that respondent Tribeca Audio and respondent Living Room are commercial tenants and therefore sections 325 and 284 are not applicable in this case. Petitioner argues that the requirements to register a multiple dwelling under section 325 and the requirements to register an interim multiple dwelling under section 284 are not applicable in summary proceedings involving commercial premises and therefore do not have to be alleged in the petition.
The court finds petitioner’s argument to be unpersuasive. Multiple Dwelling Law § 325 (2) and Administrative Code § 27-2107 (b) provide for sanctions against owners who fail to comply with the registration requirements.
Section 325 (2) provides in pertinent part: “no rent shall be recovered by the owner of a multiple dwelling who fails to comply with such registration requirements until he complies with such requirements”.
The statute makes no distinction in the imposition of the sanction as to whether the premises sought to be recovered is a residential or commercial premises. It merely provides that no rent shall be recovered by the owner until he complies with registration. It would seem clear that compliance with the registration requirements for multiple dwellings is a jurisdictional predicate in summary proceedings involving both residential and commercial premises, and a nonresidential tenant may invoke as a defense the failure of the owner to properly register the multiple dwelling. (34 & 7 Realopp Corp. v Seafood City, 67 Misc 2d 625, revd on other grounds 71 Misc 2d 302; Finkelstein v Reyes, 75 Misc 2d 340; also see, Ying Lung Corp. v Medrano, 123 Misc 2d 1074.)
Further, the sanction provision under section 325 (2) was *42 designed to enforce compliance with the registration of multiple dwellings so that code enforcement may be properly maintained. The failure of many owners to register multiple dwellings with the city has significantly impeded code enforcement. (Legis mem, 1968 McKinney’s Session Laws of NY, at 2317.) Since many multiple dwellings in the City of New York contain commercial store premises which bring in substantial income for the property, it would defeat the purpose of the enforcement provision of section 325 (2) if an exception is made for nonresidential premises.
Since the sanction provision under section 325 (2) applies to proceedings involving nonresidential premises, an owner who seeks to recover commercial premises located in an interim multiple dwelling must plead compliance with section 284 in the petition including proper registration with the Loft Board to be exempted from the registration requirements of section 325. Petitioner in this proceeding has failed to do so.
Further, petitioner’s argument must also fail since respondents Messick and Teare are residential tenants and being such petitioner must plead compliance with section 284.
Based on the foregoing, the court finds the petition to be jurisdictionally defective.
Accordingly, respondent’s motion is granted and the petition is dismissed.