OPINION OF THE COURT
Carl O. Callender, J.
QUESTIONS BEFORE THE COURT
One of the questions presented in this proceeding to evict the tenant as a holdover is: can a tenant with a rent-paying roommate and his children, who failed to secure the prior consent of the landlord, be allowed to keep his apartment. The *489 respondent’s attorney classifies such an occupant of the premises as a roommate who chips in to help the tenant pay the rent. He says that New York law permits such activity. The petitioner’s attorney contends that such behavior constitutes an illegal subletting that is prohibited by the lease without the landlord’s consent.
Another question to be decided by this court is whether the Multiple Dwelling Law requirement to register a building or an apartment is a condition precedent to the commencement of a holdover proceeding as well as a nonpayment case. The petitioner’s counsel asserts that proof of registration is only required in nonpayment cases. In holdover proceedings, he says, such requirements are unnecessary. The respondent’s attorney responds that the strictures of the Multiple Dwelling Law apply to nonpayment and holdover proceedings alike.
FACTUAL DETERMINATIONS
At the trial the evidence established the following facts:
1. The tenant has lived continuously in the apartment as his primary residence some 18 or 19 years and during the entire period of the lease in question.
2. The tenant has had two roommates. The two roommates did not live in the apartment simultaneously. Rather after one left, the other came to reside.
3. The period of the roommates’ stay was not clear because the respondent’s testimony was contradictory and inconsistent about that question.
4. The respondent advertised for and secured a roommate to share his apartment and pay him money for the use of the apartment. This kind of arrangement existed for close to a year.
5. The respondent sought a roommate because he was unemployed and needed financial help in order to pay the rent for which he was obligated under the lease.
6. The respondent has lived in the subject premises since September 1989 without a roommate.
7. The petitioner failed to prove that the building or the apartment in question has been registered with the Division of Housing and Community Renewal (hereinafter referred to as DHCR), but it did prove that the building was properly registered with the Department of Housing Preservation and Development (hereinafter referred to as DHPD).
*490 8. The petitioner admitted that the DHCR records were never given to the respondent.
9. The respondent never sought the permission of the landlord to sublet any portion of the premises.
ANALYSIS AND CONCLUSIONS OF LAW
1. Chipping-in roommate
Section 235-f (3) of the Real Property Law states that: "[a]ny lease or rental agreement for residential premises entered into by one tenant shall be construed to permit occupancy by the tenant, immediate family of the tenant, one additional occupant, and dependent children of the occupant provided that the tenant or the tenant’s spouse occupies the premises as his primary residence.”
This provision does not prohibit the making of financial arrangements between the roommate and the tenant. It does however permit one occupant and that occupant’s dependent children to reside in the apartment without the landlord’s consent. This permission clearly applies regardless of what the lease provides.
The respondent’s attorney argues that the respondent never violated the terms of the lease because the lease itself necessarily includes section 235-f of the Real Property Law and any lease terms that are to the contrary are excised from the lease. Therefore, the attorney contends, the occupants in question are not sublessees but are protected by the Real Property Law. He cites the following cases as authority for his proposition: RIV Realty v Estrella (NYLJ, Dec. 4, 1985, at 14, col 5); Seaview-Atlas Mfg. Co. v Fonville (NYLJ, Apr. 19, 1989, at 23, col 4); and Reneiss Realty v Small (HCR, vol 16, at 45, col B).
After reviewing sections 226-b and 235-f of the Real Property Law, I agree that the occupants complained of are occupants fully protected by section 235-f of the Real Property Law. The petitioner’s attorney asserts that the residential relationship between the respondent and his roommates are plain and simple illegal sublets that sustain the bringing of this holdover proceeding. He argues further that the fact that the respondent collected rent serves to cement the petitioner’s position that the arrangement is illegal. Implicit in his argument is that this kind of activity can lead to overcharging and victimizing roommates by tenants. In a somewhat similar *491 Civil Court case, Judge Lobis said: "Prior permission of a landlord to the occupancy of a roommate is not required and nothing in this statute [Real Property Law § 235-f] sets forth what the financial arrangements between * * * the parties must be. A roommate who is overcharged would have an action for treble damages pursuant to 2525.6 of [the] code, a sufficient safeguard for roommates against the improper acts of the leaseholder.” (See, Seaview-Atlas Mfg. Co. v Fonville, supra, at 24, col 2.)
In the instant action the respondent was unemployed and sought a roommate to help him pay the rent. The roommate and her dependent children, even though they paid for the use of their portion of the respondent’s apartment, were occupants that are permitted without the consent of the landlord pursuant to section 235-f (3) of the Real Property Law.
2. Failure to register
The respondent claims that the petitioner failed to register the building and the apartment with the proper authorities and the petitioner is therefore disqualified from bringing this proceeding pursuant to Multiple Dwelling Law § 325.
The petitioner contends that it has properly registered with DHPD and the fact that the building or apartment is not properly registered with DHCR does not impinge upon its right to bring the present holdover proceeding.
The controlling law regarding proper registration as a condition precedent to bringing a nonpayment or holdover proceeding in Housing Court is that when a landlord fails to meet the registration requirements of section 325, it may not maintain a special proceeding to recover possession of real property. It is clear that New York State law requires that once it is established that the building is a multiple dwelling, the provisions of section 325 must be complied with and is a necessary element of the cause of action by a landlord for recovery of possession by special proceedings under article 7 of the RPAPL. (See, Mintz v Robinson, 81 Misc 2d 447 [1975].)
In the aforementioned case, the landlord sought possession and rent arrears for three months and the petition was dismissed because of failure to comply with Multiple Dwelling Law § 325.
The cases seem to declare that failure to register according to the section 325 requirements precludes a landlord from maintaining summary proceedings whether the case is based *492 on nonpayment of rent or it is called an action for use and occupancy. (Harris v Corbin, 79 Misc 2d 971 [1974].)
It is also evident that the landlord is required to plead and prove that the building’s registration conforms with the requirements of section 325. (See, Finkelstein v Reyes, 75 Misc 2d 340 [1973].)
In the instant proceeding the petitioner proved that it had properly registered with DHPD, but failed to prove it had properly registered with DHCR.
Multiple Dwelling Law § 325 makes the following requirements:
1. It mandates that owners, lessees or agents of multiple dwellings file a notice describing their premises with the appropriate housing divisions or bureaus or departments in the city that have housing enforcement responsibilities.
2. It directs that if a local law requires the registration of owners of multiple dwellings and the local law prescribes penalties, remedies, and sanctions for the violation of such local registration requirements, no rent shall be recovered by the owner who fails to comply with such registration requirements until the required compliance is accomplished.
In New York City there are at least two entities that qualify as departments under section 325: DHPD, the City department, and DHCR, the State division. Both agencies require registration of buildings and the apartments within the buildings. Each Institution establishes penalties, remedies and sanctions for failure to register. Each department also has an enforcement arm to compel compliance.
The petitioner has failed to prove that it complied with the DHCR registration requirements. The petitioner had more than a month between adjourned dates to secure proof of compliance with DHCR registration requirements but chose to do nothing further to prove compliance.
In a similar case involving compliance with the registration requirements of the Loft Board, Civil Court Judge Thom held that the petitioner’s failure to plead and prove compliance with the Loft Board’s strictures contravened section 325 and therefore such failure required the dismissal of the case. (See, Jocar Realty Co. v Rukavina, 130 Misc 2d 1009 [1985]; see also, Krax Pepipatie Apanu Stu Krokodrilos Tus Platos v Van Hentenryck, NYLJ, Jan. 22, 1981, at 11, col 1 [App Term, 1st Dept].)
*493 DETERMINATION OF THE COURT
In view of the fact that the petitioner had ample opportunity to offer additional proof of registration at trial and still chose to stand on the proof already submitted, and, coupled with the fact that if the merits had been reached a decision in favor of the respondent would have been rendered because of section 235-f of the Real Property Law, the petition is dismissed with prejudice. (See, Jocar Realty Co. v Rukavina, supra, at 1012; Ted Lloyd, Inc. v American Broadcasting-Paramount Theatres, 20 AD2d 1 [1st Dept 1963], affd 16 NY2d 691.)