OPINION OF THE COURT
Peter Tom, J.
The issue raised in the motion before the court is whether the protective application of the Loft Law may be invoked by a commercial tenant.
Petitioner brings the instant nonpayment proceeding against respondent who operates a hairdressing salon on the second floor of the building. The subject building was registered with the Loft Board as an interim multiple dwelling in 1983 and contains 3 residential and 2 commercial units. Respondent is one of the commercial tenants in the building.
*889 Respondent moves, among other grounds, to dismiss the petition upon the contention that the landlord has failed to plead in the petition, compliance with Multiple Dwelling Law § 284, and therefore is barred from collecting rent under Multiple Dwelling Law § 302 (1) (b).
Multiple Dwelling Law § 302 provides in relevant part:
"1. a. If any dwelling or structure be occupied in whole or in part for human habitation in violation of section three hundred one * * *
"b. No rent shall be recovered by the owner of such premises for said period, and no action or special proceeding shall be maintained therefor, or for possession of said premises for non-payment of such rent.”
Multiple Dwelling Law § 301 provides that a multiple dwelling shall not be occupied in whole or in part until a certificate of occupancy has been issued by the department for the building.
Respondent argues that the instant proceeding must be dismissed under Multiple Dwelling Law § 302 since petitioner has not secured residential certificates of occupancy for the residential occupied premises, and this proceeding cannot be maintained under Multiple Dwelling Law §285 (1) since the petition failed to allege compliance with Multiple Dwelling Law § 284.
Multiple Dwelling Law § 285 (1) permits an owner of an interim multiple dwelling to maintain an action for nonpayment of rent against a residential loft tenant notwithstanding the provisions of Multiple Dwelling Law § 302 provided that the owner is in compliance with the Loft Law under article 7-C.
Multiple Dwelling Law § 284 sets forth the owner’s obligations for the legal conversion of the interim multiple dwelling. This section provides for the steps and timetable which the owner shall follow for such conversion and also provides for the registration of the loft building with the Loft Board.
If the argument in this proceeding was raised by a residential loft tenant of an interim multiple dwelling, such argument would be sustained by the court. (902 Assocs. v Total Picture Creative Servs., 144 Misc 2d 316 [App Term, 1st Dept].) However, we do not have such a situation in this case. In the present case, respondent concedes that she is strictly a commercial tenant in the building.
The Loft Law (Multiple Dwelling Law § 280 et seq.) was *890 enacted by the Legislature in 1982 in response to the finding of an alarming increase in the number of illegal conversions of commercial and manufacturing lofts to residential premises in contravention of building codes and laws, and exposing loft dwellers to hazardous, unsafe and substandard living accommodations. Recognizing that the displacement of the loft dwellers would create tremendous hardship due to the acute housing shortage and that the loft dwellers should not be unjustly deprived of the benefits of the improvements made in the converted premises, the Legislature enacted the Loft Law. The intention of the Loft Law was to regulate the legalization of these residential occupied premises in conjunction with the local zoning resolution and to clarify the rights and obligations of residential loft tenants and landlords. (Multiple Dwelling Law § 280.)
The purpose of the Loft Law was clearly intended to protect the rights of residential occupants of commercial loft space and was not intended to include nonresidential occupants of loft space in its coverage. Thus, Multiple Dwelling Law § 281 (1) specifically defines an interim multiple dwelling, subject to the protection of the Loft Law as a "building or structure or portion thereof * * * occupied for residential purposes”.
The Court of Appeals in Matter of Lower Manhattan Loft Tenants v New York City Loft Bd. (66 NY2d 298, 305) held, "The last sentence of section 281 (3) establishes that even if a portion of a building is an interim multiple dwelling, nonresidential space in the building is exempt from article 7-C. Thus, the Legislature intended to encourage conversion to conforming residential use only to the extent that there was in fact residential use of the particular space within the meaning of the article, which, as we have seen, required that the space be occupied as 'the residence or home’ of the occupant (§281 [1])”
Respondent, a nonresidential tenant who operates a hairdressing salon in commercial space of the interim multiple dwelling, may not invoke the protective mechanism of the Loft Law in defense of this nonpayment proceeding by asserting noncompliance of Multiple Dwelling Law § 284 by the landlord. (Matter of Lower Manhattan Loft Tenants v New York City Loft Bd., supra; Matter of Dalo v New York City Loft Bd., 157 AD2d 461 [1st Dept]; Anthony v New York City Loft Bd., 122 AD2d 725 [1st Dept].)
Further, there is a certificate of occupancy for this building *891 which was issued by the Department of Buildings in 1964 showing that the premises in which respondent presently occupies is for commercial use.
The ruling in Tysons Assocs. v Tribeca Audio Research (140 Misc 2d 38), which was rendered by this court, is distinguishable from this case. In the Tribeca case, this court held that the landlord must plead in the petition compliance with Multiple Dwelling Law § 284 even though one of the respondents was a commercial tenant. In that case, the landlord brought a nonpayment proceeding against four tenants. Since two of the tenants were residential occupants of commercial loft space and subject to the protection of the Loft Law, the landlord was required to plead compliance with Multiple Dwelling Law § 284 notwithstanding that there was a respondent which was a nonresidential occupant of the interim multiple dwelling.
That portion of respondent’s cross motion for an order dismissing the petition pursuant to Multiple Dwelling Law §§ 301 and 302 is denied.
That branch of respondent’s cross motion for an order staying the proceeding pending the determination of an application before the Loft Board is denied.
Respondent filed an application of noncompliance with the Loft Board in or about May 1989. Respondent’s application for a stay of this proceeding must be denied since this court has held that respondent has no standing to invoke the protective application of the Loft Law.
Petitioner’s motion for an order restoring this proceeding to the calendar is granted on consent.
The court will not address petitioner’s request for summary judgment in its opposition papers to respondent’s cross motion. If petitioner wishes to move for summary judgment it may do so by proper service of a notice of motion upon respondent.