Per Curiam.

Quite apart from the fact that the conduct of the tenant who had been in possession for 10 years, was not so clearly intentional as to bar the relief sought, and that there was a sufficient showing of merit to her defense to require that she be afforded an opportunity to be heard at a trial, the failure of the petition to allege that the landlord had filed a statement of registration as required by section D26-41.21 of the New York City Administrative Code was a jurisdictional defect of which we may take cognizance although not raised in the court below (10 Carmody-Wait 2d, New York Practice, § 70:303). The order denying the motion to vacate the judgment should therefore be reversed and the petition dismissed. The appeal from the judgment should be dismissed since no appeal lies from a default judgment (Montmarte, Inc. v. Salvation Army, 20 A D 2d 536).
Concur ■ — Luplusto, J. P., Stbbit and Gold, JJ.
Order dated March 19, 1970, reversed with $10 costs, motion granted, the final judgment entered March 2, 1970 vacated and petition dismissed without prejudice to the commencement of a new proceeding should the landlord be so advised; appeal from the final judgment dismissed without costs.