Per Curiam.

Despite the allegations in both petitions to the contrary, the building of which the demised premises are a part appears to be a multiple dwelling (Multiple Dwelling Law, § 4, subds. 7, 9; Administrative Code of City of New York, § D26-1.07, subds. 8, 9 not exempt from the registration provisions of subdivision 2 of section 325 of the Multiple Dwelling Law, and section D26-41.21 of the Administrative Code). Failure to allege registration of the hotel in compliance with these provisions is a jurisdictional defect (Cal Cal Realty Corp. v. Taylor, N. Y. L. J., June 26, 1970, p. 2, col. 2). This requires dismissal of the petitions. However, the record indicates the probability of proper registration. Consequently, the dismissal shall be without prejudice to the institution of a new proceeding by petition including the necessary allegations.
*1042 Similarly, while we permit the dismissal of the counterclaims to stand, such dismissal shall be without prejudice and the counterclaims may be reasserted in any new litigation.
The final judgments should he reversed, without costs, and petitions and counterclaims dismissed, without prejudice. Appeals from orders dismissed as moot.
Concur — Quinn, J. P., Gold and Markowitz, JJ.
Final judgments reversed, etc.