Patrick J. Picariello, J.
This is a nonpayment summary proceeding.
It appears that by lease dated September 3, 1970 petitioner leased to respondent a store and basement area in premises which respondent “ shall use and occupy * * * for fast food •service restaurant for eat in and take out ”.
This proceeding was instituted upon respondent’s default in the payment of rent due October 1 and November 1, 1971. In its petition the petitioner alleges: “ 4. The premises from which removal is sought were rented for business purposes ”.
During the course of the trial the petition was, on consent, amended to include December, 1971, January and February, 1972 rents. At its conclusion respondent moved for a dismissal of the petition, urging that petitioner’s failure to comply with 22 NYCRR 2900.21(f) rendered the petition jurisdictionally defective. As authority for this argument, respondent relies upon the opinion of the learned court rendered in the case of 34 & 7 Realopp Corp. v. Seafood City (67 Misc 2d 625). The court therein held as a matter of law that failure to comply with the rule (supra) rendered the petition jurisdictionally defective and dismissed it. This court does not see eye-to-eye with the eminent jurist’s opinion.
The rule in question reads as follows:
22 NYCRR 2900.21(f): “Allegations required under section 325 of the Multiple Dwelling Law and section D26-41.21 (h) of the Administrative Code of the City of New York. In every summary proceeding brought to recover possession of real property, pursuant to section 711 of the Real Property Actions and *1030 Proceedings Law, the petitioner shall allege either (1) that the premises are not a multiple dwelling, or (2) that the premises are a multiple dwelling and pursuant to the Administrative Code, article 41, there is a currently effective registration statement on file with the office of code enforcement in which the owner has designated a managing agent ”.
In this court’s opinion, the rule invoked by the respondent upon which it predicates its motion for a dismissal neither creates nor extirpates, neither increases nor diminishes the jurisdiction accorded to this court as prescribed by the Constitution of the State of New York and as is particularly outlined in the New York City Civil Court Act and other legislative enactments. Court rules are promulgated to regulate and facilitate practice and have nothing whatever to do with a court’s jurisdiction.
Let us now examine the statutes involved.
Section 325 of the Multiple Dwelling Law provides for the registration of a multiple dwelling.
Section 4 (subd. 7) of the Multiple Dwelling Law defines a ‘ ‘ multiple dwelling ” as “a dwelling which is either rented, leased, let or hired out, to be occupied, or is occupied as the residence or home of three or more families living independently of each other.”
Article 41 of title D of chapter 26 of the Administrative Code deals with ‘ ‘ Registration ’ ’ and applies to multiple dwellings owned by resident landlords and one and two-family dwellings owned by nonresident landlords.
Section D26-41.01 of this article provides that: “ a. The owner of a dwelling required to register under this article shall register with the department in accordance with the provisions of this article, b. A registration statement shall be filed: (1) for every existing multiple dwelling.”
Section D26-41.21 (subd. b) of this article provides that “ An owner who is required to file a statement of registration under this article and who fails to file as required shall be denied the right to recover possession of the premises for non-payment of rent during the period of noncompliance, and shall, in the discretion of the court, suffer a stay of proceedings to recover rents, during such period. In any action to recover possession under section 711 of the real property actions and proceedings law the owner shall set forth his registration number issued by the department and shall allege that he has filed a statement of registration and shall annex a copy of the receipt of such registration to his petition.”
*1031 The fact upon which respondent urges the dismissal herein is identical with the fact upon which was based the dismissal in the 34 & 7 Realopp Corp. case (supra) and that is, the failure of the petitioner to allege that the premises are not a multiple dwelling, as prescribed by the rule.
The court acknowledges the principle that a summary nonpayment proceeding is purely statutory in nature and its jurisdictional requirements should be strictly construed to give it jurisdiction. Equated therewith, however, and so firmly imbedded in our law that the citation of authority is scarcely required, is the principle that legislation should be strictly construed, and any choice in the consideration of proper construction should be exercised in favor of abridgement, so long as the legislative intent is not thereby subverted.
So that it becomes the court’s function to construe and not to revise. Section D26-41.21 (subd. b) of the Administrative Code (supra) treats with the owner of a multiple dwelling, “ who is required to file ”, and provides for sanctions against those owners who, being required to file, do not. Nothing therein contained affects any landlord who is not required to file. Thus, it becomes quite obvious that any rule of the court which mandates that a petition in a nonpayment summary proceeding “ shall allege either (1) that the premises are not a multiple dwelling,” (and, therefore, not required to file) “ or (2) * * * ”, was promulgated for the purpose of facilitating practice and not as a prerequisite to give the court jurisdiction.
It has been held that a failure to allege in a petition that a registration statement had been filed constitutes a jurisdictional defect. (Hotel Martha Washington Management Co. v. Swinick, 65 Misc 2d 1040 [1971].) Significantly, implicit in the court’s determination was the fact that the petitioner therein was an owner “who was required to file” and apparently failed to do so. (See, also, Princess Management Corp. v. Williams, N. Y. L. J., Jan. 7, 1971, p. 2, col. 2; Cal Cal Realty Corp. v. Taylor, 67 Misc 2d 903 [App. Term, 1st Dept.]; E. R. P. Realty Co. v. Kempsey, N. Y. L. J., Feb. 26, 1971, p. 2, col. 6 [App. Term, 1st Dept.]; Gould v. Pollack, N. Y. L. J., June 18, 1971, p. 2, col. 3 [App. Term, 1st Dept.].)
Interestingly, all of the above cases affected residential tenants residing in multiple dwellings. The case relied upon by respondent is the first to extend this tenet to tenants occupying commercial space for business purposes.
Both the lease (petitioner’s Exhibit 1) and the rules and regulations attached thereto and made a part of article 35 *1032 therein contained clearly indicate to the court that the entire building of which the demised premises are a part is occupied by tenants using the demised premises as commercial space for business purposes.
The court doubts that the Legislature intended to include in this proscriptive legislation petitions in nonpayment summary proceedings against tenants in said category.
The failure, therefore, of the petition to comply with the rule of the court (supra), absent legislative proscription, constitutes nothing more, in this court’s opinion, than a defect or irregularity which in no way affects the court’s jurisdiction. CPLR 3026 provides that pleadings shall be liberally construed. Defects shall be ignored if a substantial right of a party is not prejudiced. Since no prejudice was shown by the respondent, justice should not be denied for a technical omission. Lawsuits should be determined on the merits and according to the dictates of justice, not on the omission of an innocuous, immaterial and unprejudicial rule promulgated to facilitate practice.
All .other motions made by respondent to dismiss the petition and predicated on other grounds are denied.
It appears that prior to the commencement of the instant proceeding respondent instituted suit in the Supreme Court wherein are contained 10 separate causes of action.
This suit relates to the subject lease and is still pending. The relief sought therein is identical with the relief sought herein as the same is reflected in the separate defenses. These defenses are dismissed, without prejudice, not only by reason of the pending proceeding in the Supreme Court suit but, more importantly, because this court is without jurisdiction to accord the relief sought by the respondent, should it be entitled to it or to any portion thereof.
Interestingly, respondent’s application to consolidate the instant proceeding with the Supreme Court suit was granted on conditions with which respondent failed to comply. Also, that part of respondent’s application in the Supreme Court seeking a stay of the instant proceeding was passed over by the Supreme Court and thus was presumably denied.
This is a valuable leasehold. This court is confident that respondent will assiduously pursue the relief it seeks in the suit pending in the Supreme Court and it should not suffer any remedy to which it may be entitled to languish therein in desuetude. In the meantime, however, petitioner is entitled to the rent reserved in the lease.
After trial, petition is sustained. Final judgment of posses *1033 sion is awarded to petitioner. Rent due is $10,000 plus $665.47 for utilities, less $566.75 allowed respondent in its counterclaim, a sum total of $10,098.82, with costs.
Five days’ stay.