Steeit, J.
(dissenting in part). Tenants moved to vacate nonpayment summary proceedings and orders entered therein, pursuant to section 755 of the Beal Property Actions and Proceedings Law on the ground that the court lacked subject matter jurisdiction of said proceedings. This contention was predicated upon prior decisions of this court which appear to announce a rule that the filing of a registration statement in compliance with the Housing Maintenance Code (which is a prerequisite for recovery of possession of premises for nonpayment) is a jurisdictional fact which must be pleaded and failure to so plead divests the Civil Court of jurisdiction over the proceedings and requires dismissal thereof (see, e.g., Cal Cal Realty Corp. v. Taylor, 67 Misc 2d 903; Hotel Martha Washington Mgt. Co. v. Swinick, 65 Misc 2d 1040; Princess Mgt. Corp. v. Williams, Nov. 1970, No. 478; E.R.P. Realty Co. v. Kempsey, N. Y. L. J., Feb. 26, 1971, p. 2, col. 6). In the instant proceedings, the fact of due registration was neither pleaded nor proven .
It is a time-honored rule that a Judge should not ordinarily reconsider, disturb or overrule an order in the same action of another Judge of co-ordinate jurisdiction. (See CPLB 2221.) *811 The majority holds that this rule applies even to challenge to the subject matter jurisdiction of the court. If that be so, then the appropriate disposition would seem to be to reverse and remand the matters to the Judges who issued the original orders. I do not agree with the suggestion that laches, either with respect to appeal or reargument, may be raised as a bar to the claim of lack of subject matter jurisdiction herein.
If the merits be reached, then I conclude that the proceedings were properly dismissed and the section 755 of the Real Property Actions and Proceedings Law orders properly vacated. The concurring memorandum herein suggests that the failure to plead the allegations relating to registration of a multiple dwelling does not deprive the court of jurisdiction and that the omission may be corrected by amendment or supplementation of the pleadings. I find this view to be at variance with the apparent rule heretofore promulgated by this court in the above-cited cases (see, also, Dahmen v. Gregory, 184 Misc. 724). A considerable number of lower courts have acted in reliance upon such apparent rule and, indeed, our decisions appear to have prompted enactment of subdivision (f) of section 2900.21 of the Rules of the Civil Court of the City of New York (22 NYCRR 2900.21 [f]), which spells out the mandatory pleading requirements in this regard. While I find some merit in the view expressed in the concurring memorandum, I am constrained— until the rule of Cal Cal Realty Corp. v. Taylor (supra) and its progeny, is modified or overruled in an appropriate case — to adhere to the doctrine of stare decisis.
While dismissal of the proceedings and vacation of the order on jurisdictional grounds appear proper, I believe that the lower court erred in granting tenants’ further request for return of all rents deposited with the court pursuant to the section 755 of the Real Property Actions and Proceedings Law orders. As the concurring memorandum correctly notes, the payments of rents into court were voluntary payments and tenants have no claim or cause of action for their recovery (Multiple Dwelling Law, § 325, subd. 2). The only permissible disposition of these funds is to return them to the landlord.
Accordingly, I would reverse and remit the matter to the Judges who issued the section 755 of the Real Property Actions and Proceedings Law orders for appropriate disposition of the jurisdictional challenge or, reaching the merits, I would modify so much of the orders on appeal as directs the return of rent deposits to tenants and would direct the return thereof to landlord.
*812 Markowitz, J. P., and Quinn, J., concur; Streit, J., dissents, in part, in memorandum.
Order reversed, etc.