OPINION OF THE COURT

Per Curiam.

Final judgment entered July 3, 1979 (Wilk, J.) affirmed, with $25 costs.
This holdover summary proceeding was brought to evict tenants from their living lofts situated at 462-464 Broome Street, New York City. The premises were rented pursuant to a standard Real Estate Board loft lease which limited occupation of the premises to "artists studios and for no other purpose”. As originally demised, the premises consisted of vacant factory space, and tenants invested substantial sums to convert the space to habitable living quarters. The testimony amply supports the trial court’s findings that the landlord was aware of and expressly condoned and encouraged the conversion to residential use, and that tenants entered into possession with the expectation and the assurance that the landlord would take the necessary steps to legalize the occupancy. While landlord has made some preliminary efforts in this direction, a valid residential certificate of occupancy has not yet been obtained.
Upon the expiration of tenants’ renewed lease on January 31, 1978, landlord demanded a 300% increase in rent as a condition for a further renewal. When tenants balked, landlord served a 30-day notice and instituted this proceeding to evict tenants as holdovers, upon a petition alleging that the premises were not a multiple dwelling and were not subject to the Rent Stabilization Law of 1969 by reason of having been "rented for a commercial premises”. The trial court dismissed the petition on jurisdictional grounds, and we affirm that dismissal. The building in question has, since 1968, been continuously occupied by at least three loft tenants living independently of each other, and constitutes a de facto multiple dwelling (see Multiple Dwelling Law, §4, subd 7). That being so, the petition had to allege the information required *480 by the relevant Civil Court rule with respect to the filing of a registration statement (22 NYCRR 2900.21 [f]). The petition at bar failed to comply with this requirement, and no amendment to include these allegations was sought; nor was proof relative thereto offered at trial. In this posture, the proceeding fails (Rosgro Realty Co. v Braynen, 70 Misc 2d 808, 810, affd sub nom. Grosfeld v Braynen, 41 AD2d 605; 155 Wooster St. Assoc. v Bengis, NYLJ, July 2, 1979, p 12, col 1, mot for lv to app den by App Div, NYLJ, Oct. 18, 1979, p 5, col 1; Lubrano v Fried, NYLJ, May 17, 1977, p 11, col 2; Mintz v Robinson, 81 Misc 2d 447).
Apart from the defects in the petition, we reach the merits of the case in the interest of judicial economy and because of the importance of the issues to others similarly situated. By virtue of the enactment of the Emergency Tenant Protection Act of 1974 (ETPA; L 1974, ch 576, as amd) and the implementing resolution of the New York City Council, as well as the simultaneous addition of subdivision b to section YY51-3.0 of the Administrative Code of the City of New York (New York City Rent Stabilization Law), all residential housing accommodations not previously regulated pursuant to preexisting rent control or rent stabilization legislation were made subject to the Rent Stabilization Law of 1969. The apparent purpose of the ETPA was to extend rent regulation to categories of housing stock beyond that which existed immediately before the enactment of the act (Axelrod v Starr, 52 AD2d 232, affd 41 NY2d 942). These loft apartments have been occupied for residential purposes by the same tenants for approximately 12 years. To permit the tenants to be summarily evicted as commercial holdovers because their lease has expired would ignore the reality of the situation as it has existed since the inception of their tenancies, and would be contrary to the legislative intent underlying the passage of the ETPA and the declaration of emergency by the city council. The fact that a portion of the lofts may also be used for professional purposes does not remove them from the broad category of residential housing accommodations protected by the ETPA (Matter of Zeitlin v New York City Conciliation and Appeals Bd., 46 NY2d 992). Since these accommodations were not covered by prior rent control provisions, and do not fall within one of the exemptions enumerated in section 5 of the ETPA, we conclude that they are now subject to the Rent Stabilization Law, and that tenants are *481 therefore entitled to a renewal lease at a stabilization rent to be set by the Conciliation and Appeals Board.
With respect to rent currently due and accumulating since February, 1978, petitioner, if he is so advised, may bring a nonpayment proceeding upon a petition properly containing the allegations required by law and by court rule. If a certificate of occupancy has still not been obtained at that time, the Housing Court will stay enforcement of a final judgment and provide for the deposit of all arrears with the clerk of the court until such time as a certificate is procured (Lipkis v Pikus, 99 Misc 2d 518, affd 72 AD2d 697).
Concur: Dudley, P. J., Riccobono and Asch, JJ.