*19 OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously affirmed with $10 costs.
In this nonpayment proceeding, tenants moved to dismiss the petition on the ground that the building was not registered as a multiple dwelling. In opposition, landlord showed that it had now cured that objection by registering the building. The Housing Court dismissed the petition on the ground that the building was not registered when the proceeding was commenced but provided that the dismissal was without prejudice. Tenants appeal, arguing that the dismissal should have been with prejudice since it is settled law in this Department that an owner is barred from recovering the rents which accrued during the period of noncompliance (Davis v Priddie, NYLJ, Mar. 25, 1980, at 11, col 1 [App Term, 2d & 11th Jud Dists]; Tillett & Assoc. v Williams, NYLJ, Nov. 1, 2000, at 29, col 6 [Civ Ct, Kings County]; Vanderveer Estates Holding v Holmes, NYLJ, Dec. 22, 1999, at 34, col 1 [Civ Ct, Kings County]; Shahid v Doe, NYLJ, Dec. 24, 1997, at 24, col 6 [Civ Ct, Kings County]; contra, 128 E. 83rd St. Co. v Kagan, NYLJ, Oct. 6, 1987, at 14, col 1 [App Term, 1st Dept]).
The issue of whether, after registering, an owner is barred from recovering the rents which accrued during the period of noncompliance must be determined by examining the applicable state and local laws and the legislative intention underlying these laws. Upon reexamination of this issue, we find that there was no legislative intention to preclude an owner from recovering the rents which accrued during the period of noncompliance, and we overrule Davis v Priddie (supra).
The primary provision involved is section 27-2107 (b) of the Housing Maintenance Code (Administrative Code of City of NY, tit 27, ch 2). This provision states in pertinent part:
“An owner who is required to file a statement of registration under this article and who fails to file as required shall be denied the right to recover possession of the premises for nonpayment of rent during the period of noncompliance, and shall, in the discretion of the court, suffer a stay of proceedings to recover rents, during such period.”
By its terms, this section bars the recovery of possession during the period of noncompliance and provides for a stay of proceedings to collect rent during that period but does not *20 provide for an abatement of the rents which accrue during the period of noncompliance.
It is instructive that an earlier draft of this provision expressly authorized the court to grant an abatement of rents. The proposed provision stated:
“An owner who is required to file a statement of registration under this article and who fails to file as required shall be denied the right to recover possession of the premises for nonpayment of rent during the period of non-compliance, and shall in addition, suffer the abatement of rents, or alternatively, in the discretion of the court, a stay or [szc] proceedings to recover rents, during such period.” (Hall v Burroughs, 159 Misc 2d 481, 483 n 1 [emphasis added; internal quotation marks omitted], quoting Revisor’s Notes to the Proposed New York City Housing Maintenance Code, Legislative Drafting Research Fund of Columbia Univ, Jan. 31, 1967, at 70.)
Under this proposed draft, the granting of an abatement would have been discretionary with the court, not mandatory. The omission from the final version of the authorization to award even such a discretionary abatement clearly indicates a legislative intent that there be no abatement of the rents which accrue during the period of noncompliance.
Multiple Dwelling Law § 325 (2) does not require a contrary conclusion. This provision states in pertinent part:
“2. In any city of over one million which, by local law, requires the registration of owners of multiple dwellings and which prescribes penalties, remedies, and sanctions to be imposed for the violation of such local registration requirements, no rent shall be recovered by the owner of a multiple dwelling who fails to comply with such registration requirements until he complies with such requirements.” (Emphasis added.)
Standing alone, this provision is ambiguous as to whether a stay or an abatement of rents is intended. However, the fact that this provision was enacted at the behest of the City to “clarify and confirm the power of the City * * * to enact” the subject Housing Maintenance Code provision (Mem of Legis Representative of City of NY, 1968 McKinney’s Session Laws of NY, at 2317; see, Hall v Burroughs, supra, 159 Misc 2d at 483) indicates that the Legislature intended only to confirm *21 the power of the City to preclude the recovery of possession and to provide for a stay of proceedings to collect rent during the period of noncompliance.
For the foregoing reasons, we overrule Davis v Priddie (supra) and hold that, upon registering, an owner is entitled to recover the rents which accrued during the period of noncompliance and can recover possession based on such nonpayment. While landlord here had registered at the time the motion to dismiss was made and thus was entitled to maintain this proceeding, it did not cross-appeal from the dismissal without prejudice. Accordingly, we affirm the order of the court below.
Scholnick, P.J., Patterson and Golia, JJ., concur.