OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that tenant’s motion to dismiss is denied; that the branch of landlord’s cross motion seeking summary judgment is denied; that the branch of landlord’s cross motion seeking to dismiss tenant’s defenses and counterclaims is granted only with respect to the first, second and third defenses, the second affirmative defense, and the first and second counterclaims; and that the matter is remanded to the court below for all further proceedings including determination of tenant’s motion to amend her answer and for leave to conduct discovery; as so modified, affirmed with $10 costs to tenant.
In this “owner-use” holdover proceeding, landlord claims that he desires the subject rent-stabilized apartment for the use of his mother, Phoebe Chan. After answering, tenant moved to dismiss the petition on the ground, inter alia, that, contrary to the allegations in the petition, the multiple dwelling registration (MDR) statement on file with the Department of Housing Preservation and Development (HPD) was not valid because the address stated therein for landlord’s managing agent was that of a post-office box. In the alternative, tenant sought leave to conduct discovery. Before responding to the motion, landlord filed an amended MDR statement, listing a proper residential address for the managing agent. Thereafter, landlord cross-moved for summary judgment and to dismiss tenant’s defenses and counterclaims, and tenant made a further “cross motion” for leave to amend and supplement her answer. The court below consolidated these motions for disposition, granted tenant’s motion to dismiss and, inter alia, denied both “cross motions” as moot. The court reasoned that compliance with the MDR requirements is a jurisdictional prerequisite to the maintenance of a holdover proceeding and that the lack of a proper MDR statement deprived the court of “jurisdiction over respondent at the time the proceeding was commenced” (citing Santos v Aquasvivas, NYLJ, July 10, 1997, at 32, col 5 [App Term, 2d & 11th Jud Dists]). Because it is our *592 view that the Civil Court had jurisdiction over this owner-use proceeding, we reinstate the petition and deny tenant’s motion to dismiss.
Although there is language in some of our cases which indicates that the lack of a proper MDR statement deprives the court of “subject matter jurisdiction” over a holdover proceeding (Santos v Aquasvivas, supra; Raicovi v Tobin, NYLJ, Oct. 23, 1995, at 29, col 2 [App Term, 2d & 11th Jud Dists]; cf. Mandel v Pitkowsky, 102 Misc 2d 478 [1979], affd 76 AD2d 807 [1st Dept 1980] [where no amendment is sought to include MDR allegations in holdover petition, “proceeding fails”]), it is clear that the requirement that a petition brought pursuant to RPAPL 711 include the MDR allegation was not intended to and cannot affect the jurisdiction of the Civil Court, particularly with respect to holdover proceedings.
The MDR allegation requirement is found in Administrative Code of the City of New York § 27-2107 (b) and in Uniform Civil Rules for the New York City Civil Court (22 NYCRR) 208.42 (g). Section 27-2107 (b) of the Administrative Code provides:
“b. An owner who is required to file a statement of registration under this article and who fails to file as required shall be denied the right to recover possession of the premises for nonpayment of rent during the period of noncompliance, and shall, in the discretion of the court, suffer a stay of proceedings to recover rents, during such period. In any action to recover possession under section seven hundred eleven of the real property actions and proceedings law, the owner shall set forth his or her registration number issued by the department, and shall allege that he or she has filed a statement of registration and shall annex a copy of the receipt of such registration to his or her petition.”
22 NYCRR 208.42 (g) states:
“(g) Allegations required under section 325 of the Multiple Dwelling Law and sections 27-2097 et seq., of the Administrative Code of the City of New York.
In every summary proceeding brought to recover possession of real property pursuant to section 711 of the Real Property Actions and Proceedings Law, the petitioner shall allege either:
“(1) that the premises are not a multiple dwelling; or
“(2) that the premises are a multiple dwelling and, *593 pursuant to the Administrative Code, section 27-2097 et seq., there is a currently effective registration statement on file with the office of code enforcement in which the owner has designated a managing agent * * *
“The petitioner shall also allege the following information: the multiple dwelling registration number, the registered managing agent’s name, and either the residence or business address of said managing agent. The petitioner may (optionally) list a telephone number which may be used to call for repair and service.”
The legislative intention underlying the Administrative Code provision was to foster compliance with the registration requirement by precluding, during the period of noncompliance, the recovery of rents and the recovery of possession based on nonpayment of rent. The requirement in the Administrative Code and in the court rule that the petition include the MDR allegation was designed to implement this rent sanction and not to impose a jurisdictional prerequisite to all RPAPL 711 proceedings.
That such a jurisdictional limitation was not intended can be seen from the Administrative Code provision itself, which provides for a “stay of proceedings to recover rents,” but not for their dismissal. Since it was clearly contemplated that, upon compliance, the proceeding to recover rent should continue (Montague Terrace Assoc. v Feuerer, 191 Misc 2d 18, 21 [2001]), the absence of a proper registration at the time the proceeding was commenced does not deprive the court of “subject matter jurisdiction.”
Moreover, section 325 (2) of the Multiple Dwelling Law was enacted at the city’s behest to “clarify and confirm the power of the City of New York to enact” this Administrative Code provision (Mem of Legislative Representative of City of NY, 1968 McKinney’s Session Laws of NY, at 2317). Multiple Dwelling Law § 325 (2) provides only for a bar to the recovery of rent and does not preclude the maintenance of nonrent-related holdover proceedings. This provision states:
“In any city of over one million which, by local law, requires the registration of owners of multiple dwellings and which prescribes penalties, remedies, and sanctions to be imposed for the violation of such local registration requirements, no rent shall be recovered by the owner of a multiple dwell *594 ing who fails to comply with such registration requirements until he complies with such requirements.” (Emphasis added.)
The fact that the city sought and received the Legislature’s approval only for the bar to the recovery of rents and not for the pleading requirement indicates that there was no intent to add a jurisdictional element to all RPAPL 711 proceedings.
Furthermore, a contrary result would mean that an MDR statement is a jurisdictional prerequisite even in a proceeding required to be brought because the property is being used for an illegal trade or business (RPAPL 711 [5]). It is doubtful that the Administrative Code would have intended to preclude the maintenance of such a proceeding solely because the premises was unregistered, as this would not be in the public interest.
Finally, even if the Administrative Code provision and the court rule were intended to add such a jurisdictional prerequisite, they could not validly do so. Jurisdiction over summary proceedings is conferred upon the Civil Court by the State Constitution (NY Const, art VI, § 15 [b]) and by the State Legislature, acting pursuant to the mandate of this constitutional provision (CCA 204; RPAPL 701; see Wilson Han Assn. v Arthur, NYLJ, July 6, 1999, at 29, col 4 [App Term, 2d & 11th Jud Dists]; cf. Lacks v Lacks, 41 NY2d 71, 74-76 [1976]). The jurisdiction so conferred cannot be altered or limited by a local law of the City of New York or by a court rule. As one Civil Court judge stated with respect to the court rule:
“[The court rule] neither creates nor extirpates, neither increases nor diminishes the jurisdiction accorded to this court as prescribed by the Constitution of the State of New York and as is particularly outlined in the New York City Civil Court Act and other legislative enactments. Court rules are promulgated to regulate and facilitate practice and have nothing whatever to do with a court’s jurisdiction.” (Midtown Props. v Tac-Ole Mexican Foods, 68 Misc 2d 1028, 1030 [1972].)
In sum, the language and history of the Multiple Dwelling Law and Administrative Code provisions and of the court rule, and the legislative intent which underlies these provisions, leads us to conclude that these provisions were designed only to implement the rent sanction for the lack of a proper MDR statement and not to render such a statement a jurisdictional prerequisite to all RPAPL 711 proceedings. We recognize that our reasoning might well lead to the further conclusion that *595 these provisions not only were not intended to add a jurisdictional prerequisite but also were not intended to add an element to the claim for possession in nonrent-based proceedings, only to the claim for rent and/or use and occupancy. In view of the contrary constraint possibly imposed by Mandel v Pitkowsky (supra), we leave consideration of this issue for another day.
Accordingly, we hold that the Civil Court had “subject matter jurisdiction” over this proceeding (see Mandel v Pitkowsky, supra [indicating that the proceeding failed only because no amendment had been sought to include the MDR allegations]; 123 E. 83rd St. Co. v Kagan, NYLJ, Oct. 6, 1987, at 14, col 6 [App Term, 1st Dept]; Beacway Operating Corp. v Hult, NYLJ, Mar. 13, 1992, at 21, col 2 [App Term, 1st Dept]; cf. 9 Montague Terrace Assoc. v Feuerer, supra [holding that where the lack of a registration has been cured, a nonpayment proceeding should not be dismissed]), and we reinstate the petition and deny tenant’s motion to dismiss.
That branch of landlord’s cross motion seeking summary judgment is denied. In an owner-use proceeding, the burden is upon landlord to establish a genuine intention to use the apartment for himself or a member of his family as his or her primary residence (Rent Stabilization Code [9 NYCRR] § 2524.4 [a]; Nestor v Britt, 213 AD2d 255 [1995]; Buffa v Radoncic, NYLJ, June 27, 2001, at 20, col 6 [App Term, 2d & 11th Jud Dists]; Jordan v McCauley, NYLJ, Dec. 28, 2000, at 22, col 1 [App Term, 1st Dept]; cf. Matter of Rosenbluth v Finkelstein, 300 NY 402 [1950]). The inquiry as to whether landlord or his family member has such a genuine intention necessarily entails a determination of credibility, which can only be made after trial (Krupp v Aetna Life & Cas. Co., 103 AD2d 252, 262 [1984] [“the credibility of persons possessed of exclusive knowledge of the facts should not be determined by affidavits”]).
That branch of landlord’s motion seeking to dismiss tenant’s defenses and counterclaims is granted with respect to tenant’s first defense of lack of subject matter jurisdiction, her second defense of failure to state a cause of action, her third defense of improper verification, and her second affirmative defense and two counterclaims based on a claim of retaliatory eviction.
Tenant’s first defense — alleging that the court lacked subject matter jurisdiction of this holdover proceeding because the address of the managing agent listed in the MDR statement is that of a mailbox — is dismissed because, as discussed above, the defect in the MDR statement did not deprive the court of subject matter jurisdiction.
*596 Tenant’s second defense of failure to state a cause of action is dismissed because it is the rule in the Second Department that this defense cannot be interposed in the answer but must be raised by motion pursuant to CPLR 3211 (a) (7) (e.g. Staten Is.-Arlington v Wilpon, 251 AD2d 650 [1998]). Tenant’s third defense of improper verification is dismissed because this objection was not made with due diligence (CPLR 3022; Matter of Giambra v Commissioner of Motor Vehs. of State of N.Y., 46 NY2d 743, 745 [1978]; Ligotti v Wilson, 287 AD2d 550 [2001]).
The retaliatory eviction affirmative defense and counterclaims are dismissed because these were based solely on a claim that landlord brought this proceeding in retaliation for a complaint made by tenant to HPD. However, landlord established in his motion papers, and tenant did not rebut, that he served the nonrenewal notice prior to the complaint made by tenant. Thus, tenant failed to put forward any proper basis for her claim.
Landlord’s application to dismiss tenant’s first “affirmative defense” of lack of good faith is denied. Inasmuch as the petition does not expressly allege that landlord intends in good faith to use the apartment for his family member, but merely incorporates by reference the renewal notice in which these facts are set forth, tenant’s separate denial of this allegation was warranted.
Tenant’s request, in the alternative, for leave to conduct discovery and her “cross motion” to amend her answer are remanded to the court below for determination in the first instance.
Pesce, P.J., Aronin and Patterson, JJ., concur.