OPINION OF THE COURT
Memorandum.
Final judgment unanimously reversed without costs, petition reinstated and matter remanded to the court below for all further proceedings before a different judge.
Landlord commenced this holdover summary proceeding in July 2002, after service of a 30-day notice terminating tenant’s month-to-month tenancy. It appears that landlord also complained that tenant was maintaining a “Collyer condition” in the apartment. It was alleged that the building was a two-family owner-occupied premises in which tenant was in possession of the second floor apartment and, thus, the building was not a multiple dwelling. Based upon a report of a resource assistant to the housing court who was dispatched to inspect the building, the court below concluded that the building contained a third, unoccupied apartment in the basement. Citing case law from this court {infra), the court below summarily dismissed the petition on the ground that the proceeding could not be maintained because the building was an unregistered “de facto” multiple dwelling. For the reasons that follow, we reverse.
As the court below noted, there is a line of cases from this court standing for the proposition that a holdover proceeding cannot be maintained where the premises are part of an unregistered “de facto” multiple dwelling, whether or not rent arrears and/or use and occupancy awards are sought {see e.g. Santos v Aquasvivas, NYLJ, July 10, 1997, at 32, col 5 [App Term, 2d & 11th Jud Dists]; Lado v Brown, NYLJ, July 8, 1997, at 32, col 4 [App Term, 2d & 11th Jud Dists]; Raicovi v Tobin, NYLJ, Oct. 23, 1995, at 29, col 2 [App Term, 2d & 11th Jud Dists]; Glatzer v Malkenson, NYLJ, Aug. 31, 1976, at 10, col 4 [App Term, 2d & 11th Jud Dists]; see also Mandel v Pitkowsky, 102 Misc 2d 478 [App Term, 1st Dept 1979], affd on op below 76 AD2d 807 [1980]; Vidod Realty Co. v Calvin, 147 Misc 2d 488 *91 [Civ Ct, Bronx County 1989]). These cases hold that a requirement, set forth in Administrative Code of the City of New York § 27-2107 (b) and in Uniform Rules for New York City Civil Court (22 NYCRR) § 208.42 (g), that a landlord allege multiple dwelling registration information in the petition establishes either a jurisdictional prerequisite to the maintenance of a holdover proceeding, or a necessary element of the holdover claim. Upon further review of the applicable statute, regulation, and court rule, as well as the recent case law interpreting these, it is our view that the above-cited cases should no longer be followed.
Multiple Dwelling Law § 325 (2), which sets forth the penalty for failure to properly register a multiple dwelling, provides, in pertinent part:
“In any city of over one million which, by local law, requires the registration of owners of multiple dwellings and which prescribes penalties, remedies, and sanctions to be imposed for the violation of such local registration requirements, no rent shall be recovered by the owner of a multiple dwelling who fails to comply with such registration requirements until he complies with such requirements” (emphasis supplied).
Multiple Dwelling Law § 325 (2) was enacted at the behest of the City of New York (see Mem of Legis Representative of City of NY, 1968 McKinney’s Session Laws of NY, at 2317) to clarify and confirm that it had the power to implement its own administrative provision to a similar effect, Administrative Code of the City of New York § 27-2107 (b):
“An owner who is required to file a statement of registration under this article and who fails to file as required shall be denied the right to recover possession of the premises for nonpayment of rent during the period of noncompliance, and shall, in the discretion of the court, suffer a stay of proceedings to recover rents, during such period. In any action to recover possession under section seven hundred eleven of the real property actions and proceedings law, the owner shall set forth his or her registration number issued by the department, and shall allege that he or she has filed a statement of registration and shall annex a copy of the receipt of such registration to his or her petition” (emphasis supplied).
*92 Uniform Rules for New York City Civil Court (22 NYCRR) § 208.42 (g) implements these provisions by providing:
“Allegations required under section 325 of the Multiple Dwelling Law and sections 27-2097 et seq. of the Administrative Code of the City of New York. In every summary proceeding brought to recover possession of real property pursuant to section 711 of the Real Property Actions and Proceedings Law, the petitioner shall allege either:
“(1) that the premises are not a multiple dwelling; or,
“(2) that the premises are a multiple dwelling and, pursuant to the Administrative Code, sections 27-2097 et seq., there is a currently effective registration statement on file with the office of code enforcement in which the owner has designated a managing agent, a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling.
“The petitioner shall also allege the following information: the multiple dwelling registration number, the registered managing agent’s name, and either the residence or business address of said managing agent. The petitioner may (optionally) list a telephone number which may be used to call for repair and service.”
As can be seen from the above, the Multiple Dwelling Law’s substantive penalty for failure to register a multiple dwelling is a bar to the recovery of rent, and the Administrative Code speaks both of a bar to the recovery of rent and the attendant legal consequence thereof, i.e., a bar to the recovery of possession based on the nonpayment of such rent. While the Administrative Code provision and the court rule require the pleading of multiple dwelling registration information in any summary proceeding based on RPAPL 711 and do not limit such requirement to RPAPL 711 (2), the nonpayment summary proceeding, this general pleading requirement should be read in the context intended. The failure to plead registration information (1) in a RPAPL 711 (2) proceeding is a total bar to the relief sought, i.e., possession based on nonpayment of rent as well as the rent sought (Matter of Blackgold Realty Corp. v Milne, 69 NY2d 719 [1987]), and (2) in any other RPAPL 711 summary proceeding which is not rent based, including holdover proceedings, the recovery of an ancillary money judgment for rent and/or use *93 and occupancy is barred but an award to the petitioner of a final judgment for possession only is not precluded. The pleading requirements were “promulgated to facilitate practice” and not to limit the constitutionally and statutorily mandated jurisdiction of the courts (Midtown Props, v Tac-Ole Mexican Foods, 68 Misc 2d 1028, 1032 [Civ Ct, NY County 1972]) or to add a substantive element to the cause of action (Chan v Adossa, 195 Misc 2d 590 [App Term, 2d & 11th Jud Dists 2003]). Had the legislative intent been to bar the recovery of possession in all RPAPL 711 proceedings based merely upon the failure to comply with the pleading requirements, the Administrative Code would have stated as much, just as it stated that a nonpayment judgment may not be recovered.
Indeed, the City would not have intended to preclude the maintenance of holdover proceedings, which are more expeditious than ejectment actions (that do not require a showing at any stage of the action of multiple dwelling registration), in cases involving premises that are dangerous, which are being used for an illegal trade or business (RPAPL 711 [5]) or where the tenant has removed the smoke detector (RPAPL 711 [6]). Public policy and the public interest mandate that these cases be processed as quickly and efficiently as possible. The housing court is particularly well suited to render efficient and consistent resolution of cases in this sensitive area, and its judges have the specialized expertise required to accomplish this goal.
In line with the above analysis, this court has held that the pleading requirements of these provisions are not jurisdictional in nature (see e.g. Meaders v Jones, 2003 NY Slip Op 51123[U] [App Term, 2d & 11th Jud Dists 2003]; Chan v Adossa, 195 Misc 2d 590 [2003], supra). As we stated in Chan:
“Multiple Dwelling Law § 325 (2) provides only for a bar to the recovery of rent and does not preclude the maintenance of nonrent-related holdover proceedings . . . The fact that the city [of New York] sought and received the Legislature’s approval only for the bar to the recovery of rents and not for the pleading requirement indicates that there was no intent to add a jurisdictional element to all RPAPL 711 proceedings” (195 Misc 2d at 593-594).
We further noted that:
“[A] contrary result would mean that an MDR statement is a jurisdictional prerequisite even in a proceeding required to be brought because the prop *94 erty is being used for an illegal trade or business (RPAPL 711 [5]). It is doubtful that the [New York City] Administrative Code would have intended to preclude the maintenance of such a proceeding solely because the premises were unregistered, as this would not be in the public interest” (195 Misc 2d at 594).
This court’s holdings in Chan and Headers set the stage for resolution of the issue, mentioned but not directly addressed in Chan and squarely before the court in the present matter, of whether the existence of an unregistered “de facto” multiple dwelling bars the remedy of recovery of possession upon a holdover cause of action, i.e., whether a multiple dwelling registration, or a showing that the premises are not a multiple dwelling, is an element of the holdover cause of action. For the reasons adduced, we now hold that it is not. The state law and local law confine themselves to penalizing landlords of unregistered or improperly registered multiple dwellings by divesting them of the ability to make money from such premises. They do not purport to bar maintenance of a non-rent-related holdover proceeding, or to bar the remedy of possession in such a proceeding. While the maintenance of illegal multiple dwellings must not be condoned, the very purpose of prohibiting the collection of rent or use and occupancy from any tenant in such a building is to provide a severe financial disincentive to maintaining such premises (Chan v Adossa, 195 Misc 2d at 593). To allow such landlords to present their cases in the Housing Part, however, could assist enforcement by bringing actually or potentially unsafe premises to the attention of the appropriate authorities. At the same time, it would allow actually or potentially dangerous nuisances to be efficiently abated, whether by eviction or the threat of the same, or, where advisable, by bringing the affected tenants into contact with social services providers.
For the foregoing reasons, we hold that the owner of an unregistered multiple dwelling may maintain a holdover proceeding and may recover possession in such a proceeding where the ground for recovery is not rent-based, although no ancillary money judgment may be sought or awarded. To the extent that our prior cases are to the contrary, they are overruled. To the extent that Mandel v Pitkowsky (102 Misc 2d 478 [1979], affd on op below 76 AD2d 807 [1980], supra) may be to the contrary, it should be viewed as superseded by the Court of Appeals decision in Matter of Blackgold Realty Corp. v Milne *95 (69 NY2d 719 [1987], supra), which, in keeping with the foregoing analysis, tied the pleading requirement to the substantive rent sanction.
In view of the foregoing, we reinstate the petition and remand the matter to the court below for all further proceedings before a different judge. Nothing contained herein should be construed as our having ultimately passed upon the issue of whether the building was a “de facto” multiple dwelling. We note that under the circumstances presented, it was improper for the court to make such a finding prior to affording landlord a trial as to said issue.
Pesce, EJ., Patterson and Golia, JJ., concur.