■ Mago, LLC, Respondent-Appellant, v Amrit Joy Singh, Appellant-Respondent. [871 NYS2d 186]—

In moving for leave to renew its prior motion for summary judgment on its cause of action seeking to recover unpaid rent, the plaintiff landlord submitted certified proof of its compliance with the Multiple Dwelling Law registration requirements (*see* Multiple Dwelling Law § 325 [2]). Under the circumstances, the Supreme Court providently exercised its discretion in granting the plaintiff leave to renew since it had, in effect, previously denied the plaintiff's motion for summary judgment on the ground that it had failed to submit certified proof of compliance with the registration requirements of the Multiple Dwelling Law (*see* CPLR 2221 [e]; *Gillis v Toll Land XIII Ltd. Partnership,* 309 AD2d 734 [2003]).

Proof of the plaintiff's compliance with the Multiple Dwelling Law registration requirements cured any defects in the registration of the subject multiple dwelling, and thus, the plaintiff's prior noncompliance does not bar recovery of retroactive rent (*see Chan v Adossa,* 195 Misc 2d 590, 593 [2003]; *9 Montague Terrace Assoc. v Feuerer,* 191 Misc 2d 18, 21 [2001]). Through proof of its compliance with the Multiple Dwelling Law registration requirements, as well as the undisputed fact that during the relevant nine-month period, the defendant tenant occupied the subject apartment but did not pay rent in the agreed-upon amount of $731.94 per month, the plaintiff established, prima facie, that it was entitled to recover unpaid rent for a period of nine months in the sum $6,587.46 (*see Chan v Adossa,* 195 Misc 2d at 593; *9 Montague Terrace Assoc. v Feuerer,* 191 Misc 2d at 21). In opposition, the defendant failed to raise a triable issue of fact.

The parties' remaining contentions are without merit. Mastro, J.P., Miller, Balkin and McCarthy, JJ., concur.