09-0180-cv
Gotbetter v. Wendt

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of March, two thousand ten.

PRESENT: ROBERT D. SACK,
 REENA RAGGI,
 PETER W. HALL,
 *Circuit Judges*.

----------------------------------------------------------------

HOWARD GOTBETTER,

 *Plaintiff-Appellant*,

 v.                                                                                              No. 09-0180-cv

PETER M. WENDT, DOUGLAS E. McKEON,
WILLIAM P. McCOOE, WILLIAM J. DAVIS,

 *Defendants-Appellees*.

----------------------------------------------------------------

APPEARING FOR APPELLANT:   HOWARD GOTBETTER, *pro se*, New York, New York.

APPEARING FOR APPELLEES:   PATRICK J. WALSH, Assistant Solicitor General of Counsel (Barbara D. Underwood, Solicitor General, Peter Karanjia, Special Counsel to the Solicitor General, *on the brief*) *for* Andrew M. Cuomo, Attorney General of the State of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the December 4, 2008 judgment of the district court is AFFIRMED.

Pro se plaintiff Howard Gotbetter appeals from the dismissal of his complaint for money damages filed under 42 U.S.C. § 1983 against Judge Peter M. Wendt for ruling against Gotbetter in an action in the Housing Part of the Civil Court of the City of New York. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), we review factual findings for clear error and legal conclusions de novo, accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. See Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008). Dismissal under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate" the case. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Upon de novo review, we conclude, for substantially the same reasons stated by the district court, that plaintiff's § 1983 claims are barred by the doctrine of judicial immunity.

It is well-established that judges enjoy absolute immunity "for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (internal

quotation marks omitted); see also Nixon v. Fitzgerald, 457 U.S. 731, 766 (1982); Bliven v. Hunt, 579 F.3d 204, 209-10 (2d Cir. 2009).  An exception applies only if the judge "'acted in the clear absence of all jurisdiction,'" Tucker v. Outwater, 118 F.3d 930, 933 (2d Cir. 1997) (quoting Stump v. Sparkman, 435 U.S. at 356-57).  A clear absence of jurisdiction has objective and subjective components, requiring a showing (1) that "no reasonable judge would have thought jurisdiction proper" and (2) that the judge "actually knew or must have known of the jurisdictional defect." Id. at 934 (internal quotation marks omitted).  Gotbetter can show neither.

Gotbetter argues that Judge Wendt lacked jurisdiction over the challenged holdover proceeding because such a proceeding cannot be maintained where the premises are part of an unregistered multiple dwelling.  A reasonable judge might have thought otherwise, however, in light of New York precedent holding that the failure to file a "multiple dwelling registration" statement, see N.Y.C. Admin. Code § 27-2107(b); 22 N.Y. Comp. Codes R. & Regs. tit. 22 § 208.42(g), "was not intended to and cannot affect the jurisdiction of the Civil Court, particularly with respect to holdover proceedings," Chan v. Adossa, 760 N.Y.S.2d 609, 611 (N.Y. App. Term 2003); see also Czerwinski v. Hayes, 799 N.Y.S.2d 349, 353 (N.Y. App. Term 2005) (holding that "owner of an unregistered multiple dwelling may maintain a holdover proceeding and may recover possession in such a proceeding where the ground for recovery is not rent-based").

In any event, assuming arguendo that Judge Wendt erroneously exercised jurisdiction over the holdover proceeding, the record does not support a conclusion that he did so in knowing violation of the alleged jurisdictional limits.  The remedy for any such error is an

3

appeal, not a § 1983 action for money damages.

Accordingly, we conclude that the district court properly dismissed plaintiff's claims as barred by judicial immunity.

We have considered plaintiff's remaining arguments on appeal and conclude that they are without merit.  In light of the foregoing, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK