Virginia Feria, Appellant,
against
Candace Johnson, Respondent.



Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Jean T. Schneider, J.), entered November 16, 2015. The final judgment, after a nonjury trial, dismissed the petition in a holdover summary proceeding.




ORDERED that the final judgment is affirmed, without costs.
Landlord commenced this owner's use holdover proceeding against tenant, alleging that she wanted to recover possession of the subject rent-stabilized apartment for her son's use as a primary residence. Following a nonjury trial, the Civil Court found that landlord wanted to recover the subject apartment for use as an office for landlord's construction business, and dismissed the petition.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
Pursuant to Rent Stabilization Code (9 NYCRR) § 2524.4 (a) (1), an owner "shall not be required to offer a renewal lease to a tenant" if the unit is to be occupied by the owner or a member of the owner's immediate family as his or her primary residence (see also Rent Stabilization Law of 1969 [Administrative Code of City of NY § 26-511 (c) (9) (b)]). It is an owner's burden to establish a good faith intention for a family member or the owner to so occupy the unit in order to regain possession on these grounds (see Pultz v Economakis, 10 NY3d 542, 548 [2008]; see also Chan v Adossa, 195 Misc 2d 590 [App Term, 2d Dept, 2d & 11th Jud Dists 2003]). Upon a review of the record, we find that there is ample support for the Civil Court's determination that landlord failed to establish a good faith intention to recover the subject apartment to have her son reside in the subject apartment as a primary residence, rather than to put it to use as a business office.
Accordingly, the final judgment is affirmed. 
Pesce, P.J., Solomon and Elliott, JJ., concur.
Decision Date: January 05, 2017